CASE 34—PETITION EQUITY—NOVEMBER 10.

# Edwards v. Tandy.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. Knowledge by the creditor of the insolvency of the debtor is not *per se* sufficient to establish as matter of law that payments or transfers made by him were in fraud of section 5128 of the Revised Statutes of the United States, and the amendment thereto of June 20, 1874.

2. Although appellee may have known that Hunt was insolvent when he transferred the property to her, it does not follow that she knew it was in fraud of the United States bankrupt act.

MESSRS. W. O. & J. L. DODD AND DUPUY & MIDDLETON FOR APPELLANT.

1. The appellee knew when Hunt pledged the tobacco to her that he was insolvent, and necessarily that the pledge was made in fraud of the bankrupt act.

Edwards v. Tandy.

2. The object of the act was to prevent all preferences of creditors, and as far as possible to insure the equal distribution of the bankrupt's property. (Sec. 5, Rev. Stat. U. S.; Bump on Bankruptcy, 795, 806, 815; 16 Nat. B. R., 198; 4 Ibid, 616; 15 Ibid, 438; 102 Mass., 437; 3 Nat. B. R., 93; 16 Wallace, 277; 5 Nat. B. R., 257; Ibid, 181; 3 Story, 544; 16 Wallace, 602; 3 Nat. B. R., 722; 4 Ibid, 439; 10 Ibid, 173; 21 Wallace, 382.)

GEO. B. EASTIN FOR APPELLEE.

1. There is no evidence to show that appellee believed or had reasonable grounds to believe that Hunt was insolvent when he pledged the tobacco to her.

2. Without the knowledge on her part that Hunt was making the pledge in fraud of his creditors, whether he was insolvent or not, appellee is entitled to the benefit of the pledge. (Sec. 2158, Rev. Stat. U. S.; 13 Wallace, 46; 12 Nat. Bankrupt Register, 493; 5 Ibid, 11; 12 Ibid, 74; 7 Ibid, 283; 15 Ibid, 438; 14 N. Y. Rep., 288; 2 vol. Central Law Journal, 218; Ibid, 141; 16 N. B. R., 94; Laws, 1 Sess. 43d Congress, 212; sec. 11, 10 N. B. R., 172.)

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

The issue presented by the pleadings in this cause was one of fact, and ought to have been tried by a jury, but having been decided by the chancellor without objection or suggestion that it was an issue for a jury, his decision must be treated as equivalent to a verdict, and the same rules applicable thereto should govern in an exercise of the revisory powers of this court. The judgment does not seem to be palpably against the evidence, yet the circumstances shown by it are such that if the chancellor had adjudged otherwise than he has done, we would not have felt authorized in disturbing his conclusions.

No testimony appears in the record but that of the appellees, and each of them testifies that Mrs. Tandy had no knowledge that the transfer to her by Hunt was in fraud of the provisions of the bankrupt law. The circumstances tended to prove that Hunt was insolvent and that Mrs. Tandy, who was his mother-in-law, knew it when he made

the transfer to her to pay her *bona fide* debt, and it seems to·, be insisted that that is sufficient to prove knowledge; but. knowledge by the creditor of the insolvency of the debtor is. not of itself sufficient to establish, as matter of law, that. payments or transfers made by him when insolvent were in. fraud of the provisions of section 5128 of the Revised Stat-- utes of the United States and the amendment thereto of June 22, 1874. There must be something more than mere· knowledge of the fact of insolvency. It must be accom-- panied by such direct or circumstantial evidence as estab- lishes, when the whole is considered together with the moral. certainty requisite in the proof of all questions of fact, that. the creditor *knew*, at the time the transfer was made, that it was done in fraud of the provisions of the bankrupt law. It is not necessary to prove that the creditor knew the legal re-- sults of the facts requisite to condemn the transfer as made in fraud of the bankrupt law, but knowledge of such facts. must be carried home to the creditor. (Singer's assignee v. Sloan, 2 Central Law Journal, 218 ; Campbell's assignee v. Waite, &c., 16th N. B. R., 94.)

Wherefore, the judgment is affirmed.