### ANDREAS' ASSIGNEE *v.* RUST ET AL.

[Kentucky Law Reportor, Vol. 3—772.]

**Transfer of Property to Defraud Creditors.**

> Before a transfer of property may be held void according to the bankrupt law of the United States, and authorize the assignee to recover the value of property transferred before the bankruptcy proceedings were begun, from the person receiving it, it must be shown that the debtor making the transfer was insolvent, that the transfer was made to give preference to the creditor, and that the person receiving the property had, at the time, reasonable cause to believe the person making the transfer to be insolvent, and must also know that such transfer was in fraud of the bankrupt act; and the transfer must be made within four months before the filing of the petition by the bankrupt.

### APPEALS FROM CAMPBELL CHANCERY COURT.

February 7, 1882.

OPINION BY JUDGE LEWIS:

These are two consolidated actions by appellant, Betz, assignee in bankruptcy of appellee, Andreas, to recover for the benefit

of the creditors the amount of a note for $214, and stock in a building association valued at $186, transferred by Andreas to appellee, Rust, in payment of a note for $250, given the 4th of May, 1878, for borrowed money, and an account for work and labor, and materials furnished amounting to $106.90.

It appears that the transfer was made on the 8th of August, 1878, and on the 10th of August, Rust repaid to Andreas about $46 in money, being the supposed balance, after deducting the amount Andreas owed him from the amount of the note and stocks transferred. On the 1st of August next after this transaction, Andreas filed his petition in bankruptcy, and was declared a bankrupt. Upon the trial the chancellor rendered judgment dismissing the petitions in both cases, and from that judgment this appeal is prosecuted.

To make such transfer void, according to the provisions of the bankrupt law of the United States, and authorize the assignee in bankruptcy to recover the value of the property so transferred from the person receiving it, the following facts must concur:

1. The debtor making the transfer must be insolvent.

2. If the transfer gives a preference, it must have been made with a view to give a preference to the creditor.

3. In any event the person receiving the transfer must at the time have reasonable cause to believe the person making the transfer to be insolvent.

4. He must also know that such transfer was in fraud of the provisions of the bankrupt act.

5. The transfer must be made within four months before the filing of the petition by the bankrupt.

Although Andreas may have been insolvent at the time the transfer was made, and it may have been made with a view to give a preference to Rust, still it is not void unless Rust had at the time reasonable cause to believe Andreas was insolvent, and also knew that the transfer was in fraud of the provisions of the bankrupt act.

In the language of this court in the case of *Edwards v. Tandy,* 78 Ky. 168, "there must be something more than mere knowledge of the fact of insolvency. It must be accompanied by such direct, or circumstantial evidence as establishes, * * * that

the creditor knew, at the time the transfer was made, that it was done in fraud of the provisions of the bankrupt law." There. is no sufficient evidence in these cases that Rust had at the time of the transfer reasonable cause to believe Andreas was insolvent, and none at all that he knew the transfer was in fraud of the provisions of the bankrupt act.

At the time Andreas, as he swears, had no purpose to avail himself of the benefit of the bankrupt law. He was industriously engaged in his usual business, had a considerable amount of visible property, real and personal, more than sufficient at fair prices to pay all his debts, and if his business affairs had been judiciously managed he could easily have paid all his debts.

Rust, whose deposition is taken, swears positively that he had no reason to believe, and did not suspect, Andreas intended going into bankruptcy, and that he received the transfer of the note and stock in payment of what Andreas owed him, without any knowledge that it was in fraud of the provisions of the bankrupt law.

In our opinion the chancellor did not err in dismissing the petition in the two cases, and the judgment must be *affirmed*.

*John S. Ducker, for appellant.*

*F. M. Webster, for appellees.*