### J. ED BASS v. FREMONT WHOLESALE CORPORATION.

(Filed 13 October, 1937.)

**Master and Servant § 22—Agreement held to constitute truck owner independent contractor for delivery of tobacco sticks for defendant.**

The owner of a truck agreed to furnish his truck with driver and helper and gas to deliver a truck load of tobacco sticks for defendant, a part of the load to be delivered at several places. At the place of the first delivery, defendant directed the driver as to the places where the balance of the load was to be delivered. Plaintiff, on invitation of the driver, rode on the truck from one place of delivery to another, and was injured as the truck was leaving the last place of delivery. *Held:* Defendant was interested only in the delivery of the tobacco sticks and exercised no control over the operation of the truck, and cannot be held liable by plaintiff.

APPEAL by plaintiff from *Harris, J.,* at May-June Term, 1937, of WAYNE.

Action to recover damages for alleged personal injury.

The evidence tends to show that on 27 July, 1935, the defendant had a quantity of tobacco sticks at Benson which it desired to have hauled and delivered, partly at its warehouse at Fremont and the balance to go to Pikeville; a part to the Ray Smith farm and a part to the Berger farm. The defendant entered into a contract with R. A. Yelverton to do the hauling for an agreed consideration. Yelverton furnished his own truck with driver and helper and gas; Yelverton gave directions and the driver and helper drove the truck to Benson, loaded it and drove back to the warehouse of defendant, where a part of the sticks were unloaded. Yelverton was there at that time and directed the driver and helper to go to Pikeville and make deliveries to the Smith and Berger farms. A part of the sticks for the Berger farm were to go to the plaintiff's house. From there the plaintiff, on invitation of the driver, rode in the truck to Hancock Coley's on the Smith farm. While the truck was in the act of leaving there, it was unexpectedly moved and the plaintiff, who had gotten on the body of the truck, was thrown to the ground and injured.

From judgment as of nonsuit the plaintiff appealed to the Supreme Court, and assigned error.

*Scott B. Berkeley and Paul B. Edmundson for plaintiff, appellant.*
*D. H. Bland and B. F. Aycock for defendant, appellee.*

PER CURIAM. Upon all the evidence taken in the light most favorable to the plaintiff, the plaintiff fails to bring himself within the doctrine of *respondeat superior.*

It appears that the defendant exercised no control over the operation of the truck. It was interested in the delivery of the tobacco sticks, and not in the steps leading to the delivery.

It is a settled principle of law that "where the contract is for something that may lawfully be done, and is proper in its terms, and there has been no negligence in selecting a suitable person to contract with in respect to it, and no general control is reserved either in respect to the manner of doing the work or the agents to be employed in it, and the person for whom the work is to be done is interested only in the ultimate result of the work, and not in the several steps as it progresses, the latter is not liable to third persons for the negligence of the contractor as his master. Cooley on Torts (2 Ed.), sec. 548, p. 646." *Craft v. Timber Co.,* 132 N. C., 152, at 158, 43 S. E., 597; *Embler v. Lumber Co.,* 167 N. C., 457, at 462; *Waters v. Lumber Co.,* 115 N. C., 652, 20 S. E., 718.

The judgment of the court below is

Affirmed.