RANDALL L. LASSITER v. F. D. CLINE AND PAULINE T. ELLIS, EXECUTRIX OF LEON ELLIS.

(Filed 11 November, 1942.)

**1. Master and Servant § 3—**

In action for damages to plaintiff by the negligence of an agent of defendant, where plaintiff testified that he had known the alleged agent for two months prior to the accident, during which time said agent was driving the same truck which caused the collision complained of, which was loaded at the same place as trucks of defendant, and that he saw the alleged agent receive his pay check from defendant on one occasion along with other help of defendant. *Held:* Evidence of agency sufficient to go to the jury.

**2. Master and Servant §§ 21a, 22a—**

>    Where the employer has the right and power to control, direct and interfere with the employee and the employment, the employee is a servant: *Holding* that one who furnishes his own truck and is paid for hauling by the load, is still a servant and not an independent contractor, his employer retaining the right to terminate the employment at any time.

APPEAL by plaintiff from *Carr, J.,* at June Term, 1942, of WAKE.

This is a civil action to recover damage for personal injuries alleged to have been negligently inflicted by an agent and employee of the defendants upon the plaintiff by causing a collision between a truck driven by said agent and employee and a truck driven by the plaintiff on Riley Street at Fort Bragg.

The evidence of the plaintiff tended to show that on 9 October, 1941, the plaintiff was employed as a truck driver by the Construction Quartermaster of the United States Army, and as such employee was driving a truck on Riley Street when his truck was negligently run into by a truck loaded with "molten asphalt" and driven by one Herbert Thomas, an agent and employee of the defendants.

The evidence of the defendants, while admitting the collision between the two trucks, tended to show that Herbert Thomas, the driver of the truck which collided with the truck driven by the plaintiff, was an independent contractor and not an agent or employee of the defendants.

At the close of the evidence the defendants renewed a motion theretofore lodged when the plaintiff had rested his case for a judgment as in case of nonsuit, which motion was allowed, and from judgment predicated upon such ruling the plaintiff appealed, assigning errors.

*Dupree & Strickland and Franklin T. Dupree, Jr., for plaintiff, appellant.*

*Thomas W. Ruffin for defendants, appellees.*

SCHENCK, J. This case poses two questions: First, was there any evidence of agency existing between Herbert Thomas, the driver of the truck which collided with the truck plaintiff was driving, and the defendants? And, second, does all of the evidence tend to show that the said Herbert Thomas was an independent contractor?

We are constrained to hold that the first question should be answered in the affirmative, and the second question should be answered in the negative. Such holding precludes an affirmation of the judgment below.

The plaintiff testified that he had known Herbert Thomas for two months prior to 9 October, 1941, and during all this time he was hauling asphalt in defendants' truck, and that this truck was the same one involved in the collision, and that he was hauling asphalt for the defendants

from their plant near Fort Bragg to the place where they were paving streets; that the truck was loaded at the same place where the other employees of the defendants loaded their trucks; that he saw Thomas on one occasion get his pay check from the defendants along with their other employees, and that he was doing the same thing up to the time of the collision. This evidence more than meets the scintilla rule on the question as to Thomas being an agent and employee of the defendants, and being engaged in the business of his principal and employer at the time of the collision. There is adminicular evidence of the plaintiff's testimony.

On the second question: The defendants' witness Dean testified that he was superintendent in charge of defendants' operations in the Fort Bragg area on 9 October, 1941, and had charge of the job to which Herbert Thomas was hauling asphalt; that he made the contract between Thomas and the defendants for such hauling; that "the agreement was that we paid him thirty cents per ton for each ton delivered to the roadway. . . . I did not have anything to do with *how* he operated the truck and no one else connected with Cline & Ellis did"; that Thomas owned the truck he was driving that day; that the witness had the right to fire the men that were hired. "Q. You would have the right to fire Mr. Thomas if you wanted to? A. That's right."

"The most important test in determining whether a person employed to do certain work is an independent contractor or a mere servant is the control over the work which is reserved by the employer. Whether one is an independent contractor depends upon the extent to which he is, in fact, independent in performing the work. Broadly stated, if the contractor is under the control of the employer, he is a servant; if not under such control, he is an independent contractor. Where a contractor lets a portion of work to another contractor, the latter's independence is also determined by the same criterion. It is not, however, the fact of actual interference or exercise of control by the employer, but the existence of the right or authority to interfere or control, which renders one a servant rather than an independent contractor. The employer may leave to the contractor the details of the work, but if the employer has the absolute power to control the work, the contractor is not independent. Whether the employer exercises control may be a fact to be considered in the determination of the relation of the parties—that is, the circumstance that an employer has actually exercised certain control over the performance of the work may be considered as a factor tending to show the subserviency of the contractor, and the fact that during the performance of work, the employer has exercised no control may be considered as tending to show that he has no right to control." 27 Am. Jur., Independ-

ent Contractors, par. 6, p. 486. See, also, *Aderholt v. Condon,* 189 N. C., 748, 128 S. E., 337.

"The power of an employer to terminate a contract at any time, irrespective of whether there is or is not a good cause for so doing, is indisputably an evidential element which tends strongly to show that the person employed is not an independent contractor." 27 Am. Jur., Independent Contractors, par. 21, p. 501.

· Certainly the "right to fire" is one of the most effective methods of control, and this power the defendants' witness testified he possessed over Thomas the driver of the colliding truck; and this irrespective of whether the truck belonged to Thomas or to the defendant. *Chief Justice Clark* in *Evans v. Lumber Co.,* 174 N. C., 31, 93 S. E., 430, thus states the law in this jurisdiction: "In this case the employer had power to terminate Spruill's employment at any time. This gave the defendant potential control over him and is conclusive that Spruill was not an independent contractor for whose negligence the defendant was not responsible."

The plaintiff having offered competent evidence of the relationship of principal and agent and of employer and employee existing between the defendants and Thomas, and of Thomas being engaged in his principal's or employer's business at the time of the collision, thereby made out a case sufficient to be submitted to the jury; and when the defendants interposed the defense of Thomas being an independent contractor the burden of proof upon the issue thus raised was upon the defendants, *Embler v. Lumber Co.,* 167 N. C., 457, 83 S. E., 740, and it was error to hold that all the evidence established the affirmative of this issue.

Since the case must go back for another trial any consideration of the exceptive assignments of error assailing his Honor's exclusion of certain evidence offered by the defendants becomes supererogatory.

The judgment of the Superior Court is

Reversed.