DONALD EUGENE LITTLE, by his General Guardian, Dorothy P. Little v. COLVIN THEODORE POOLE and LIFE INSURANCE COMPANY OF VIRGINIA

— AND —

DOROTHY P. LITTLE v. COLVIN THEODORE POOLE and LIFE INSURANCE COMPANY OF VIRGINIA

No. 7119SC301

(Filed 14 July 1971)

1. **Rules of Civil Procedure § 50— directed verdict in favor of party having burden of proof — issues of negligence and agency**

A directed verdict on the issues of negligence and agency in favor of the party having the burden of proof is error. G.S. 1A-1, Rule 50.

2. **Master and Servant § 3— insurance agent — independent contractor or employee — jury question**

Whether an insurance agent was an independent contractor or an employee of an insurance company at the time of his automobile accident was a question for the jury, especially where there was evidence (1) that the agent's duties included not only the selling of policies but also the collecting of the company's accounts, which was subject to the control and direction of the company, and (2) that the company gave the agent retirement and insurance benefits and deducted income and social security taxes from his commissions.

3. **Master and Servant § 3— independent contractor or employee — the test of control**

The test for determining whether a relationship between parties is that of employer and employee, or that of employer and independent contractor, is whether the party for whom the work is being done has the right to control the worker with respect to the manner or method of doing work, as distinguished from the right merely to require certain definite results conforming to the contract.

4. **Automobiles § 90— accident case — instructions on damaged vehicles**

Although neither plaintiff nor defendant sought recovery for their damaged vehicles, it was error for the trial court to instruct that the jury need not consider the evidence relating to the damaged vehicles, since such evidence tended to support the plaintiff's testimony that he was in his own traffic lane when the vehicles collided.

5. **Rules of Civil Procedure § 51— instructions — expression of opinion**

Trial court's instruction, "I will not attempt to recall all of the evidence, but only so much of it *as the court deems is important* when you come to consider your verdict," was erroneous as an expression of opinion on the importance of the recapitulated evidence. G.S. 1A-1, Rule 51(a).

APPEAL by defendants from *Long, Judge,* September 1970 Civil Session of Superior Court held in ROWAN County.

Little v. Poole

Donald Eugene Little sustained injuries on 7 June 1965 when a pickup truck in which he was a passenger collided almost head-on with a car being operated by defendant Poole. Donald's father, who was driving the pickup truck, was killed.

On 6 June 1968 suits were instituted by the mother and general guardian of Donald. She seeks in one suit to recover damages on behalf of Donald, and in the other, to recover for loss of services and medical expenses resulting from his injuries. The suits were consolidated for trial and are treated in this opinion as a single action.

The complaints allege that at the time of the collision defendant Poole was employed as a salesman for the corporate defendant (Life of Virginia) and that his negligent operation of his automobile, while within the course and scope of his employment, proximately caused the collision and resulting injuries and damages. Poole answered denying negligence but admitting that he was employed by Life of Virginia and acting within the course and scope of his employment at the time of the collision. Life of Virginia answered and denied that Poole was its employee and that he was negligent.

At the conclusion of all the evidence the court allowed plaintiff's motion for a directed verdict on the issue of whether Poole, on the occasion complained of, was acting as the employee and agent of Life of Virginia, in the course and scope of his employment. A ruling was reserved on plaintiff's motion for a directed verdict on the negligence issue and issues of negligence and damages were submitted to the jury. The jury answered the negligence issue "Yes" and awarded substantial damages. After return of the verdict the court granted plaintiff's motion for a directed verdict on the issue of negligence. Defendants appealed.

*Rufty & Rufty and Perry C. Henson by Perry C. Henson for plaintiff appellees.*

*Woodson, Hudson & Busby by Max Busby for defendant appellant Colvin Theodore Poole.*

*Kluttz and Hamlin by Lewis P. Hamlin, Jr., for defendant appellant Life Insurance Company of Virginia.*

GRAHAM, Judge.

[1]   We have here the unusual circumstance of a directed verdict having been entered for the plaintiff on the issue of negligence after the jury had returned a verdict answering that very issue in plaintiff's favor. It is contended that the purpose and intended effect of this procedure was to cure any errors in the judge's charge to the jury on that issue. We need not consider whether such a procedure is ever proper under Rule 50 (G.S. 1A-1, Rule 50), because here plaintiff was not entitled to a directed verdict, whenever entered, and the court's judgment to this effect must be reversed. In *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297, Justice Sharp, speaking for the Supreme Court, stated:

> "Rule 50 . . . does not purport to confer upon the judge the power to pass upon the credibility of the evidence and to direct a verdict in favor of the party having the burden of proof. . . .
>
> [T]he judge cannot direct a verdict upon any controverted issue in favor of the party having the burden of proof 'even though the evidence is uncontradicted.' "

The burden of proof on the issue of negligence was on the plaintiff and it was consequently error for the court to direct a verdict in favor of plaintiff on that issue.

The court's directed verdict for plaintiff on the question of agency must be reversed for like reason. To establish the liability of an employer under the doctrine of Respondeat Superior a plaintiff has the burden of proving, not only that the employee was negligent and that his negligence was the proximate cause of the injury, but also that the relation of master and servant existed between the employer and the employee at the time of and in respect to the very transaction out of which the injury arose. *Graham v. Gas Co.*, 231 N.C. 680, 58 S.E. 2d 757, 17 A.L.R. 2d 881.

[2]   Life of Virginia argues that the court erred in denying its motion for a directed verdict on the agency issue, contending that plaintiff's evidence was insufficient to support a finding of employment. Its position is that the evidence established, as a matter of law, that defendant Poole was an independent contractor rather than an employee or agent. We think that question was for the jury.

Little v. Poole

"[W]here the facts are undisputed or the evidence is susceptible of only a single inference and a single conclusion, it is a question of law for the court whether one is an employee or an independent contractor, but it is only where a single inference can reasonably be drawn from the evidence that the question of whether one is an employee or an independent contractor becomes one of law for the court." 41 Am. Jur. 2d, Independent Contractors, § 53, pp. 828, 829.

Thus, what an agreement was between the parties is ordinarily a question of fact; whereas, what relationship between the parties was created by the contract is ordinarily a question of law. *Pearson v. Flooring Co.*, 247 N.C. 434, 101 S.E. 2d 301; *Beach v. McLean*, 219 N.C. 521, 14 S.E. 2d 515. But where a contract is in parol and its terms not clearly established, it is naturally the function of the jury to draw the necessary deductions therefrom. *Embler v. Lumber Co.*, 167 N.C. 457, 83 S.E. 740. Also see *Lassiter v. Cline*, 222 N.C. 271, 22 S.E. 2d 558.

In the case at hand no employment contract was produced; however, the evidence disclosed that Poole was a licensed insurance agent employed by Life of Virginia to sell insurance and collect premiums. He was eligible for and covered by the company's retirement and insurance plans, including Workmen's Compensation. During a brief training period at the beginning of his employment, Poole received a fixed salary; thereafter he received only commissions based upon his sales and collections. Commissions were paid weekly in a single check from which the company deducted income and social security taxes. Poole was responsible for collecting premiums within a particular territory called a "debit." He was required to account to the company weekly for collections. The company did not furnish Poole with a car, nor did it require that he have one or reimburse him for expenses incurred in the use of his personal car. However, Poole's supervisor, as company associate manager, testified "I would like for him to have a car. . . . I knew at all times that Mr. Poole was using his car in his collection work." As long as Poole serviced his debit, no attempt was made by the company to regulate his hours or the territory he worked. His supervisor stated: "As long as an agent is doing well we do not keep tabs of his interviews and sales. If he is weak we try to find out where and try to help him." Poole spent about twenty hours a week collecting and about twenty-five or thirty hours selling.

---

---

On the occasion of the collision Poole was making collection calls in his personal car.

[3]    The test for determining whether a relationship between parties is that of employer and employee, or that of employer and independent contractor, is whether the party for whom the work is being done has the right to control the worker with respect to the manner or method of doing work, as distinguished from the right merely to require certain definite results conforming to the contract. If the employer has the right to control, it is immaterial whether he actually exercises it. *Pearson v. Flooring Co., supra; Scott v. Lumber Co.,* 232 N.C. 162, 59 S.E. 2d 425.

In the case of *Hayes v. Elon College,* 224 N.C. 11, 29 S.E. 2d 137, we find listed the following indicia which ordinarily earmark one as an independent contractor rather than an employee:

"The person employed (a) is engaged in an independent business, calling, or occupation; (b) is to have the independent use of his special skill, knowledge, or training in the execution of the work; (c) is doing a specified piece of work at a fixed price or for a lump sum or upon a quantitative basis; (d) is not subject to discharge because he adopts one method of doing the work rather than another; (e) is not in the regular employ of the other contracting party; (f) is free to use such assistants as he may think proper; (g) has full control over such assistants; and (h) selects his own time. [Citations omitted.]

"The presence of no particular one of these *indicia* is controlling. Nor is the presence of all required. They are considered along with all other circumstances to determine whether in fact there exists in the one employed that degree of independence necessary to require his classification as independent contractor rather than employee."

The fact that an employee uses his own car and is not reimbursed for expenses does not, standing alone, indicate as a matter of law that he is an independent contractor, or that he is acting outside the scope of his employment. This is particularly true where, as here, the employer knows or should know that the employee is using it. *Pinnix v. Griffin,* 219 N.C. 35, 12 S.E. 2d 667; *Davidson v. Telegraph Co.,* 207 N.C. 790, 178 S.E. 603.

Neither is the question determinable, as a matter of law, by the fact that an employee is paid on a commission basis and not on a fixed salary and that he fixes his own hours of work. *Pressley v. Turner*, 249 N.C. 102, 105 S.E. 2d 289.

A life insurance agent who is employed solely to bring about contractual relations between his principal and others on his own initiative, without being subject to the principal's direction as to how he shall accomplish results, is ordinarily held to be an independent contractor. *American Savings L. Ins. Co. v. Riplinger*, 249 Ky. 8, 60 S.W. 2d 115; *Vert v. Metropolitan Life Ins. Co.*, 342 Mo. 629, 117 S.W. 2d 252; *Wesolowski v. Hancock Ins. Co.*, 308 Pa. 117, 162 A. 166, 87 A.L.R. 783; *American Nat. Ins. Co. v. Denke*, 128 Tex. 229, 95 S.W. 2d 370, 107 A.L.R. 409; A.L.I., Restatement of Agency 2d, §§ 220, 250, 251. See also Annot., 36 A.L.R. 2d 261.

[2] Here, however, there was evidence that the relationship of Poole to Life of Virginia was more than that of an independent insurance agent employed solely for the purpose of bringing about contractual relations between his company and others. Poole was also responsible for collecting company accounts within a particular debit or area. Some of these accounts were collectible weekly and reports of collections had to be filed with the company weekly. Certainly the company had the right to control and direct Poole's activities with respect to these collections. Furthermore, the company treated Poole as an employee in extending to him retirement and insurance benefits. It also deducted income and social security taxes. This is evidence tending to negative the independence of the relationship. 41 Am. Jur. 2d, Independent Contractors, §§ 21 and 22, pp. 771, 772, 773.

It is our opinion that the evidence was sufficient to support a finding that the relationship of employee and employer existed. Plaintiff is therefore entitled to have the case submitted to the jury. *Lassiter v. Cline, supra*.

Both defendants assign various errors with respect to the charge. Several of these assignments of error are well taken.

[4] Poole admitted that he had started into a left turn when he saw the pickup truck approaching him over a hill. He pulled back toward his lane of travel. At the trial, Poole argued that he got completely back into his lane of travel before the collision.

Little v. Poole

The angle at which the vehicles came together, as evidenced by the location of the damages about them, support to some extent Poole's argument that he had straightened his car out on his side of the road before the collision occurred. With respect to this evidence the court charged:

> "Now, he testified as to where the damage was on these vehicles. That is not relative which you need to consider because the damage to the vehicles is not in question."

It is true that no recovery was sought for damages to the vehicles. Nevertheless the location of the damage was competent as tending to show the location of the vehicles when they came together.

[5] Before recapitulating any of the evidence the court charged: "I will not attempt to recall all of the evidence, but only so much of it as the Court deems is important when you come to consider your verdict." Through this statement the court inadvertently expressed an opinion on the facts by stating in effect that the evidence which he was to recapitulate was important; whereas, other evidence presented was not. This constitutes a violation of G.S. 1A-1, Rule 51(a). (The provisions of Rule 51(a) are identical to those of G.S. 1-180 which formerly governed the trial of civil cases as well as criminal cases.)

The judgments entered directing verdicts in favor of plaintiff on the issues of negligence and agency are reversed and a new trial is ordered on all issues.

New trial.

Judges CAMPBELL and BRITT concur.