CONSOLIDATED SYSTEMS, INC. v. GRANVILLE STEEL CORPORATION, SUCCESSOR BY NAME CHANGE TO COLEMAN-DEESE INDUSTRIES, INC. v. JOHN S. CLARK COMPANY, INC.

No. 8217SC679

(Filed 2 August 1983)

1. **Laborers' and Materialmen's Liens § 3— subrogation of second tier contractor—bound by agreement between first tier contractor and general contractor**

     Since plaintiff's claims, as second tier subcontractor, were for subrogation to the rights of defendant, a first tier subcontractor, a compromise contract between defendant and third party defendant, contractor, that purported to reduce the amount owed the subrogor, diminished the amounts owed plaintiff, the subrogee, and the trial court's determination that the compromise contract was valid and binding was supported by the evidence.

2. **Trial § 57— trial by court—rules prohibiting expressions of opinion by trial judge—no application**

     Statements by a trial judge in which he stated that "I have already reached a conclusion" were not prejudicial to plaintiff because (1) the trial court clearly stated its willingness to hear additional relevant evidence, and (2) the rules prohibiting expressions of opinion by trial courts have no application in proceedings before a judge sitting without a jury.

APPEAL by plaintiff from *Jolly, Judge.* Judgment entered 22 January 1982 in Superior Court, SURRY County. Heard in the Court of Appeals 10 May 1983.

*Daniel J. Park, for plaintiff appellant.*

*Bell & White, by W. Thomas White, for third-party defendant appellees.*

BECTON, Judge.

I

This is an action by plaintiff (Consolidated) against defendant (Coleman-Deese, now Granville) on a delinquent account for materials, services and supplies provided Granville at three construction sites—Elkin, Lexington, and North Wilkesboro, North Carolina. Consolidated, a second-tier subcontractor, supplied steel to Granville, a first-tier subcontractor, who was hired to complete a portion of a project under the supervision of the general contractor and third party defendant, John S. Clark Company.

Because of Granville's failure to pay Consolidated for materials furnished, Consolidated, on 2 June 1980, filed this action to recover $19,577.38 plus interest from Granville. In its Answer filed 22 August 1980, Granville denied the material allegations of Consolidated's Complaint and averred that Consolidated failed to provide the materials required by their contract. Granville averred alternatively that Consolidated was late in providing needed materials, and that such delay resulted in Granville suffering financial loss. Granville also filed a Third Party Complaint against the general contractor, John S. Clark Company, alleging that Clark had failed to pay Granville for steel delivered to Clark's construction sites and praying for $24,912.75 in damages.

Consolidated moved for summary judgment against Granville on 1 October 1980; later, that motion was granted and judgment entered for Consolidated for $19,577.38. Six days later, Consolidated filed a claim against third party defendant Clark, by which it sought to be subrogated to the rights of Granville to any recovery Granville received from Clark, and prayed for judgment against Clark up to and including amounts awarded Consolidated from Granville.

Clark, in its Answer to Granville's Third Party Complaint, moved for dismissal pursuant to Rules 12(b)(2), (5) and (6) of the North Carolina Rules of Civil Procedure, and averred that because of (i) change orders agreed to, (ii) delay expenses caused by, and (iii) payments made by Clark to Granville, Clark had discharged all but $522.46 of debts it owed to Granville. Clark also answered Consolidated's claim; it denied the material allegations of that Complaint and moved to dismiss it pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

Both Granville and Consolidated then moved for summary judgment against Clark, and Clark moved for summary judgment against both Granville and Consolidated. All motions were denied.

The matter was heard by Judge John Jolly, sitting without a jury, during the 28 September 1981 civil session of Surry County Superior Court. At the conclusion of the evidence, the trial court made factual findings, among them that Consolidated was subrogated to Granville's rights against Clark, and that Clark was entitled to deduct $18,715.47 from the amounts it owed Granville as compensation for delay expenses and back charges, pursuant to

the agreement between Clark and Granville. The court then made legal conclusions, and ordered that Consolidated was entitled to recover the following sums from Clark: $1,604.93 with interest at 8% from 28 April 1980 until paid; $4,545.13 with interest at 12% to accrue from 28 April 1980 to 22 January 1982, then 8% until paid; and costs of the action. Consolidated appealed.

## II

Consolidated raises sixteen (16) assignments of error and makes eleven (11) arguments in its brief. Consolidated, however, abandoned its eighth and ninth contentions during its oral argument.

[1] The crux of this case is Consolidated's contention that it should not be bound by an agreement between Granville and Clark, which resulted in a total credit of $13,500 to Clark as delay charges. Since Consolidated's claims are for subrogation to the rights of Granville, a compromise contract, such as the one here, that purports to reduce the amount owed the subrogor, diminishes amounts owed Consolidated, the subrogee. Because the trial court determined that the compromise contract was valid and binding on Consolidated, Consolidated first challenges the evidentiary rulings concerning the proof of that contract.

The trial was conducted without a jury, and the trial court's findings concerning that contract are presumed correct so long as they are supported by competent evidence. *Williams v. Pilot Life Ins.*, 288 N.C. 338, 218 S.E. 2d 368 (1975). Even when incompetent evidence is admitted, if competent evidence of the same import is also considered, the court is presumed to have considered only that evidence which is competent. *Construction Co. v. Housing Authority*, 1 N.C. App. 181, 160 S.E. 2d 542 (1968). Our review of the record reveals plenary *competent* evidence to support the findings of the trial court to which Consolidated excepted, and we expressly hold that these findings support the trial court's conclusions. Thus, Consolidated's evidentiary arguments are without merit.

[2] Consolidated's remaining argument concerns the trial court's denial of its motion for mistrial, based on the following statements by the trial court:

Consolidated Systems v. Granville Steel Corp.

COURT: I have already reached a conclusion, unless you can show some evidence on this agreement about the delay, that's in accord and satisfaction I find that from all the evidence. I don't see any way you can get around that. And any evidence you have got about further delays, I'm not going to deduct the account any more than $13,500.00, but I don't see any way you can get around that. Mr. Shillington had apparent authority as president of the company. There is complete testimony that they reached accord and satisfaction as to the delays, and as I told you yesterday you have a problem in that Mr. Shillington is not here to disprove that and nobody else in the company was there, other than Mr. Rohde if I remember correctly. I just, I am bound. It's almost a matter of summary judgment as to that particular delay. So all this stuff about other delays, unless Mr. White wants me to—in fact, if I conclude that that was an accord and satisfaction then we have got an argument as to whether or not the delays were greater or lesser, and I think you have got some arguments as to being lesser and he has got arguments as to the continuing monthly amounts being greater. However, I am concluding and I'll tell you right now I am concluding, that they are entitled to $13,500.00 set off on the basis of accord and satisfaction that was executed and approved by their company.

COURT: If you have other evidence with regard to that particular part of this case I'll be glad to hear it. I've got an open mind about it. But I'm saying that on the basis of what I have seen thus far I think I am bound by my oath to do what the law says and what the facts indicate, and I ain't seen anything to the contrary.

. . . .

MR. PARK: Well, Your Honor has already made up his mind, as I understand it.

COURT: Mr. Park, I just told you I hadn't. I told you that on the basis of what I've seen that's the way I, that's what it indicates to me under the evidence that you gentlemen have put in. It's not my fault that you can't bring Mr. Shillington here. It's not your fault either. But I am bound by what the evidence says. And if you have got other evidence I have an

open mind about it. That's all I'm saying. But to go on into the delay evidence is wasting your time and mine except as it relates to that agreement. I'm just trying to tell you up front where we stand. I think that's only fair to you.

In addition to the fact that we find no prejudice to Consolidated's cause because the trial court clearly stated its willingness to hear additional relevant evidence, the parties' election of a non-jury trial also subjects them to a now familiar rule: the rules prohibiting expressions of opinion by trial courts have no application in proceedings before a judge *sitting without a jury.* Cf. *Everette v. D. O. Briggs Lumber Co.,* 250 N.C. 688, 110 S.E. 2d 288 (1959) (interprets old N. C. Gen. Stat. § 1-180 (1978)). Although the provisions of G.S. § 1-180 have been repealed and are now embodied in N. C. Gen. Stat. § 1A-1, Rule 51(a) (1969), the law remains, for all practical purposes, unchanged. *See, Little v. Poole,* 11 N.C. App. 597, 182 S.E. 2d 206 (1971). Our conclusion is bolstered by the fact that both G.S. § 1-180 and its replacement, Rule 51(a), proscribe expressions of opinion in the presence of a jury, and understandably so, since most juries lack the training needed to consider only relevant and competent evidence without guidance. In contrast, in a trial without a jury, the fact finder is also a highly trained legal expert, and thus the evil addressed by the statute is less likely to exist. *City of Statesville v. Bowles,* 278 N.C. 497, 180 S.E. 2d 111 (1971) (Held, in a non-jury trial, the presumption is that the trial court disregarded incompetent evidence in making its decision.). We find Consolidated's argument unpersuasive.

As a result, we find the trial below to have been free of prejudicial error. Accordingly, the judgment below is

Affirmed.

Judges WELLS and EAGLES concur.