JOHN EDWARDS YELVERTON, Executor of the Estate of PATRICIA BANDY YELVERTON, Plaintiff v. JOSEPH RONALD LAMM, and PREMIER INDUSTRIAL CORPORATION, Defendants

No. 888SC866

(Filed 5 July 1989)

**Master and Servant § 3— defendant as independent contractor rather than employee—sufficiency of evidence**

Evidence that the individual defendant worked when, in his judgment, he felt he needed to, was paid solely on a commission basis, was not reimbursed for his expenses, and operated his business as he saw fit was sufficient to support a finding that the individual defendant was an independent contractor and was not an employee of the corporate defendant, and evidence that the corporate defendant procured insurance policies for the individual defendant at group rates did not create a genuine issue of material fact as to whether the individual defendant was the corporate defendant's employee or worked as an independent contractor.

APPEAL by plaintiff from Orders of *Judge Paul M. Wright* entered 2 May 1988 and 31 May 1988 in the WAYNE County Superior Court. Heard in the Court of Appeals 24 February 1989.

*Blanchard, Twiggs, Abrams & Strickland, P.A., by Douglas B. Abrams and Anna Neal Currin; and Lane and Boyette, by William H. Boyette, Jr., for plaintiff appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Grady S. Patterson, Jr., for Premier Industrial Corporation, defendant appellee.*

COZORT, Judge.

Plaintiff-executor brought an action to recover damages for the death of his intestate which was allegedly caused by defendant Lamm's negligent operation of his automobile while acting as agent and employee for defendant Premier Industrial Corporation (hereinafter "Premier"). The trial court granted Premier's motion for summary judgment and thereafter denied motions by which plaintiff sought to resolve the question of whether a release of defendant Lamm, pursuant to a contemplated settlement, would

also release Premier. We hold that defendant Lamm was an independent contractor and not an employee or agent of Premier as a matter of law. Therefore, all issues, procedural and otherwise, raised by plaintiff with respect to the effect of a release need not be herein addressed.

Plaintiff's intestate, Patricia Yelverton, died as a result of injuries sustained when an automobile owned and driven by defendant Lamm crossed the center line and struck the automobile driven by Ms. Yelverton. Plaintiff brought suit against Lamm and Lamm's alleged employer, Premier. According to plaintiff's Amended Complaint, Premier was vicariously liable for Lamm's alleged negligence, and, in addition, was independently liable for its own acts of negligence, namely: (1) allowing Lamm to operate a motor vehicle when it knew or should have known of Lamm's health problems; (2) entrusting Lamm with a vehicle when it knew or should have known that Lamm was taking a prescribed tranquilizer which could render a person impaired while operating a vehicle; and (3) negligent supervision.

Defendant Lamm answered, denying negligence and relying on the defense of sudden incapacitation due to a cerebral vascular thrombosis, or stroke. Premier, in its answer, alleged that Lamm was not its agent, servant, or employee, but was employed solely as an independent contractor.

The issue of Premier's liability came on for hearing pursuant to Premier's motion for summary judgment, which was granted by the trial court on 2 May 1988. Notice of appeal was filed 9 May 1988. Thereafter, at the 30 May 1988 Civil Session of Wayne County Superior Court, the following came on for hearing before the trial court: plaintiff's Petition for Approval of Settlement, Motion for Summary Judgment, and Motion to Amend Complaint to Add a Count Seeking Declaratory Judgment. By the petition and motions, plaintiff sought approval of a settlement between plaintiff and defendant Lamm conditioned on a ruling by the trial court that a release of defendant Lamm pursuant to settlement would not, as a matter of law, further release Premier from liability. The trial court denied the motions, ruling in open court that it had no jurisdiction. Plaintiff gave notice of appeal in open court from that ruling. The trial court then entered its written order, which combined plaintiff's appeal from the 2 May 1988 Order of Summary Judgment for Premier with plaintiff's appeal from the 31 May 1988 ruling.

Plaintiff first assigns error to the 2 May 1988 Order of Summary Judgment in favor of Premier.

A motion for summary judgment should be granted when the evidence presented to the trial court reveals that there is no genuine issue as to any material fact and therefore one of the parties is entitled to judgment in its favor as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56; *Kessing v. National Mortgage Corp.*, 278 N.C. 523, 180 S.E. 2d 823 (1971). In ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the nonmovant. *Peterson v. Winn-Dixie of Raleigh, Inc.*, 14 N.C. App. 29, 187 S.E. 2d 487 (1972). Plaintiff contends that summary judgment was error because there existed a genuine issue of material fact as to whether Lamm's status was that of employee or independent contractor. We do not agree.

An independent contractor, as distinguished from an employee, is "one who exercises an independent employment and contracts to do certain work according to his own judgment and method, without being subject to his employer except as to the result of his work." *Cooper v. Asheville-Citizen Times Publishing Co.*, 258 N.C. 578, 587, 129 S.E. 2d 107, 113 (1963) (quoting *McCraw v. Calvine Mills, Inc.*, 233 N.C. 524, 526, 64 S.E. 2d 658, 660 (1951)). The test in determining a worker's status is whether the employer has the right to control the worker with respect to the manner or methods of doing the work or the agents to be employed in it, or has the right merely to require certain results according to the parties' contract. *Id.; Bass v. Fremont Wholesale Corp.*, 212 N.C. 252, 193 S.E. 1 (1937). If the requisite right to control is found to exist, then an employer is held liable, albeit vicariously, for the negligent acts of its agents, servants, or employees which cause injuries to third persons; but an employer is not liable to third parties for the negligence of an independent contractor. *See id.*

Whether one is an independent contractor or an employee is a mixed question of law and fact. The factual issue is: What were the terms of the parties' agreement? Whether that agreement establishes a master-servant or employer-independent contractor relationship is ordinarily a question of law. *Beach v. McLean*, 219 N.C. 521, 525, 14 S.E. 2d 515, 518 (1941). As this Court has stated:

> [W]here the facts are undisputed or the evidence is susceptible of only a single inference and a single conclusion, it is a question of law for the court whether one is an employee or an

independent contractor, but it is only where a single inference can reasonably be drawn from the evidence that the question of whether one is an employee or an independent contractor becomes one of law for the court.

*Little v. Poole*, 11 N.C. App. 597, 600, 182 S.E. 2d 206, 208 (1971) (quoting 41 Am. Jur. 2d, *Independent Contractors* § 53).

In the case below, the evidence before the trial court was that, since 1963, Lamm had represented Premier as a sales agent who took orders from customers for a certain line of Premier's products. The relationship between Lamm and Premier was governed by a written contract entitled "Independent Agent Agreement" wherein Lamm, as "Independent Agent," was given a nonexclusive right to sell Premier's products in a designated territory. The Agreement provided that all orders were subject to acceptance by Premier and were not binding upon Premier until so accepted.

Pursuant to the contract, Lamm was paid by commission only and did not receive a commission for any order which was rejected by Premier. All expenses incurred by Lamm in his business as sales agent for Premier were to be borne by Lamm. Lamm was allowed to work on a self-determined schedule, retain assistants at his own expense, and render services to or sell the products of other companies not in competition with Premier. The Agreement could be terminated by either party "with or without cause." In addition, the Agreement contained the following provision:

Independent Agent and the Company recognize that the Company has no right to control Independent Agent in the manner in which he or she performs his or her obligations under this Agreement and that Independent Agent is free to perform such obligations in the manner he or she sees fit.

Uncontradicted testimony given by affidavit and depositions confirms that the parties conducted their relationship as delineated in the Independent Agent Agreement. Plaintiff does not appear to dispute testimony that Lamm worked when, in his judgment, he felt he needed to, was paid solely on a commission basis, was not reimbursed for his expenses, and operated his business as he saw fit. Premier's sales manager stated in his affidavit that Lamm was "among the most independent of independent contractors taking orders for Premier" that he "did not want, or accept, any guidance or suggestions as to how he should operate his business";

and that he "was not required to, and generally did not, follow any suggestions I made but instead adopted his own methods, and he was perfectly entitled to do this." Affiant also stated that from time to time he had gone with Lamm to make calls and on one occasion had seen in the trunk of Lamm's car "hundreds of pairs" of men's socks which Lamm said he was selling to customers, as he was entitled to do under the terms of the parties' Agreement.

In addition, Premier deducted no income taxes from Lamm's commissions and made no deductions or payments for social security for Lamm. Premier filed Forms 1099 rather than W-2 forms with the Internal Revenue Service; payments to Lamm were designated "nonemployee compensation." Finally, the evidence showed that Lamm participated in two group insurance plans — life and disability, and hospitalization — procured by Premier from Prudential Insurance Company. Lamm's premium payments were deducted from his commission checks.

It is this latter piece of evidence, Premier's procurement of insurance policies for Lamm at group rates, which plaintiff contends creates a genuine issue of material fact as to whether defendant Lamm was Premier's employee or worked as an independent contractor. We disagree.

It is true that "a mere contractual declaration is not determinative of the relationship and the rights of the parties." *Watkins v. Murrow*, 253 N.C. 652, 657, 118 S.E. 2d 5, 8 (1961). But this is simply to say that the court will not ignore the true relationship existing between the parties, and that an employer who exercises control in spite of a contractual declaration to the contrary may be held vicariously liable. *See id.* The undisputed evidence in the case before us, however, establishes more than a "mere contractual declaration"; it clearly shows that the parties intended Lamm's status to be that of an independent contractor and in fact conducted their dealings according to those express intentions. While we believe that Premier's procurement of insurance coverage for Lamm is a factor that may be considered in determining Lamm's status as an employee or independent contractor, such evidence, standing alone, is insufficient to change the nature of the relationship between the parties as established by contract and course of dealing. Given the evidence to the contrary, we cannot accept plaintiff's contention that Premier's use of Prudential's insurance forms, on which Lamm's name appears in the appropriate space for "Name

of Employee," constituted an admission that Lamm was in fact Premier's employee.

Although the issue of Premier's direct or independent negligence was not addressed by plaintiff in his argument to this Court, we further hold that, in the absence of an employer-employee relationship or any other relationship which might create duties of care the breach of which would give rise to liability in tort as alleged in plaintiff's complaint, plaintiff's evidence was insufficient to withstand Premier's Rule 56 motion on those claims as well.

We therefore affirm the trial court's ruling that Premier was entitled to judgment in its favor as a matter of law. In so holding, we need not address plaintiff's remaining assignment of error.

Affirmed.

Judges EAGLES and GREENE concur.