BETTY RAY BREWER v. WILLIAM ERVIN SPIVEY AND IMPORT MANAGEMENT, INC., D/B/A ACURA OF RALEIGH

No. 9110SC730

(Filed 1 December 1992)

**Principal and Agent § 9.1 (NCI3d) — automobile accident — driver of dealership automobile — agent of dealership**

The trial court did not err by denying defendant Acura's motion for a judgment notwithstanding the verdict where plaintiff Brewer was injured in an automobile collision with a car driven by defendant Spivey and owned by defendant Acura. Although defendant Acura contended that plaintiff failed to present sufficient evidence to support the jury's finding of agency and argues that the evidence showed, as a matter

of law, that defendant Spivey was acting as an independent contractor, plaintiff is entitled to the presumption of agency provided by N.C.G.S. § 20-71.1(b), the uncontradicted evidence that defendant Acura could have terminated defendant Spivey's employment at any time tends to show that Spivey was not an independent contractor, and Spivey's testimony directly contradicted Acura's claim that it exercised no control over the time and manner in which the task for which Spivey was employed was to be performed.

**Am Jur 2d, Agency §§ 3, 21; Independent Contractors §§ 7-9.**

Appeal by defendant Import Management, Inc., d/b/a Acura of Raleigh (hereinafter "Acura") from Allen (J. B., Jr.), Judge. Order entered 29 October 1990 in Superior Court, Wake County. Heard in the Court of Appeals 12 October 1992.

Plaintiff instituted this civil action by complaint filed 6 October 1987 wherein plaintiff alleged she sustained personal injuries as the result of an automobile collision caused by the negligence of defendant William Spivey. Plaintiff also alleged that, at the time of the collision, defendant Spivey was acting within the scope and course of his employment with defendant Acura. Both defendants answered denying negligence and denying that Spivey was the employee of Acura.

When the matter came on for trial, the jury found that defendant Spivey's negligence caused plaintiff's injuries, that Spivey was acting as the agent of Acura at the time of the accident and awarded plaintiff $100,000. Defendant Acura thereafter moved the court for a judgment notwithstanding the verdict pursuant to Rule 50(b) of the North Carolina Rules of Civil Procedure as to the issue submitted to the jury concerning the agency of defendant Spivey and requested that the court "enter judgment in accordance with [Acura's] motions for a directed verdict . . . ." The trial court denied Acura's motion.

Defendant Acura appeals from the denial of this motion, and defendant Spivey has filed a brief in opposition to Acura's appeal.

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by D. James Jones, Jr., for defendant, appellant Import Management, Inc.*

BREWER v. SPIVEY

[108 N.C. App. 174 (1992)]

*Bailey & Dixon, by Gary S. Parsons and Denise Stanford Haskell, for defendant, appellee Spivey.*

*No brief filed for plaintiff, appellee.*

HEDRICK, Chief Judge.

Defendant Acura assigns several errors to the trial court. However, as Acura's notice of appeal is only from the order entered by Judge Allen on 29 October 1990 denying Acura's motion for judgment notwithstanding the verdict, we do not address any issue raised with regard to the underlying judgment entered on 26 September 1990 as a result of the jury verdict in favor of plaintiff. *See* N.C.R. App. P. 3(d); *Von Ramm v. Von Ramm*, 99 N.C. App. 153, 392 S.E.2d 422 (1990).

The only question presented therefore is whether the trial judge erred in denying Acura's motion for judgment notwithstanding the verdict. Defendant Acura contends that plaintiff failed to present sufficient evidence to support the jury's finding of agency and argues that the evidence showed, as a matter of law, that Spivey was acting as an independent contractor at the time of the incident which forms the basis of this lawsuit.

The evidence presented at trial tends to show that in 1987, defendant Spivey was a retired carpenter who occasionally drove automobiles from one location to another for automobile dealers. Generally, the dealerships would call Spivey, as well as several of his acquaintances, and hire the group to drive various automobiles, all of which were owned by the dealerships involved, to locations designated by the dealerships.

Prior to the incident involved in this action, Spivey was employed by defendant Acura to drive vehicles owned by Acura from Raleigh to Fayetteville. As Acura was sending a number of cars to Fayetteville at the same time, several of Spivey's friends were also employed for the same trip. On 21 May 1987, a driver from the Acura dealership drove to Sanford where Spivey and the others resided and transported them to the Raleigh sales lot of Acura. Once at the sales lot, Spivey and the others were directed to the cars needing to be moved to Fayetteville.

Defendant Spivey testified that he was unaware of the route to be taken to Fayetteville and that he planned to follow the other vehicles which included the van of the driver who had transported

Spivey from his home in Sanford. As Spivey drove the Acura automobile off the sales lot, he was following another vehicle which was leading the way to Fayetteville. The collision with plaintiff occurred shortly after Spivey left the Acura premises.

Spivey further testified that he understood that he was required to follow any instruction given by Acura concerning the transportation of these vehicles and that Acura could terminate his employment at any time. He also stated that he did not engage in the independent business of driving cars and that he did not possess any particular or unique driving skill. Spivey testified that he was not required to exercise his personal judgment concerning the completion of the job assignment as he was assigned a vehicle to drive, and he had been instructed to simply follow the lead vehicle on a route to Fayetteville which had been designated by another. Once he completed the initial trip to Fayetteville, Spivey and the others were instructed to return to Raleigh in the dealership's van in order to transport the remaining vehicles in the same manner.

Defendant Acura points to evidence which shows that Spivey was not a regular employee of Acura and that the day of this accident was the only time Spivey ever drove for Acura, that Spivey received no instruction from Acura concerning the manner in which the vehicles were to be driven, and that he was paid per trip as support for its argument that the evidence established Spivey's independent contractor status as a matter of law. Acura contends that it exercised no control over the manner in which the vehicles were driven to Fayetteville.

It is well settled that the controlling issue in a determination of whether the relationship between two parties is that of employer and employee or independent contractor is the extent to which the employer retains "the right to control the workman with respect to the manner and method of doing the work as distinguished from the mere right to require certain results, and it is not material as determinative of the relationship whether the employer actually exercises the right of control." *Harris v. Construction Co.*, 240 N.C. 556, 560, 82 S.E.2d 689, 692 (1954) (*citations omitted*). The burden of proving the status of an independent contractor when that status is asserted as a defense to an allegation of agency rests with the employer, *Lassiter v. Cline*, 222 N.C. 271, 274, 22 S.E.2d 558, 560 (1942); *Embler v. Lumber Co.*, 167 N.C. 457, 461,

83 S.E. 740, 742 (1914), and where evidence is presented which would support a finding of the existence of the relationship of employer-employee, the determination of the status of the relationship must rest with the jury. *See Harris*, 240 N.C. at 560, 82 S.E.2d at 692; *Lassiter*, 222 N.C. at 274, 22 S.E.2d at 560; *Embler*, 167 N.C. at 461, 83 S.E. 742; *Little v. Poole*, 11 N.C. App. 597, 182 S.E.2d 206 (1971).

We hold that plaintiff presented sufficient evidence to support a finding of the existence of an employer-employee relationship. Not only is plaintiff entitled to the presumption of agency provided by *G.S. § 20-71.1(b)* arising out of Acura's ownership of the vehicle here involved, the uncontradicted evidence that defendant Acura could have terminated Spivey's employment at any time, "tends strongly to show that [Spivey was] not an independent contractor." *Lassiter*, 222 N.C. at 274, 22 S.E.2d at 560 (*citations omitted*). Spivey's testimony directly contradicted Acura's claim that it exercised no control over the time and manner in which the task for which Spivey was employed was to be performed.

The trial court's denial of defendant Acura's motion for judgment notwithstanding the verdict was not error and the judgment will be affirmed.

Affirmed.

Judges ARNOLD and WELLS concur.