Z. W. PRICE v. JOHNSTON COTTON COMPANY OF WENDELL, INC.

(Filed 27 November, 1946.)

**1. Master and Servant § 13—**

It is the general rule that an independent contractor is not liable for injuries to third parties occurring after the contractor has completed the work and it has been accepted by the owner.

**2. Same—**

The complaint alleged that defendant, an independent contractor, constructed a platform for a kerosene tank, and that plaintiff, an employee of an oil dealer, while on the platform filling the tank pursuant to a contract between his employer and the contractee, fell to his injury when the platform gave way due to its insufficient strength and its careless and negligent construction. There was no allegation of hidden defects known to the contractor and not disclosed to the contractee, nor of defects that could not have been discovered upon reasonable inspection. *Held:* Defendant's demurrer to the complaint on the ground that it failed to state a cause of action was properly sustained. ·

**3. Same—**

Where work has been completed and accepted by the owner, and the defect in construction, if any, is not hidden but readily observable upon reasonable inspection, the contractor is not liable.

APPEAL by plaintiff from *Grady, Emergency Judge,* at April Term, 1946, of WAKE.

Civil action to recover damages from the defendant, an independent contractor, for alleged negligence in the construction of a platform attached to a tobacco barn owned by Miley Johnson, located in Wake County, and erected for the purpose of holding a 250-gallon kerosene tank. The appellant alleges that the defendant, pursuant to a contract with the owner, installed a 250-gallon tank on a platform constructed of 2x4 scantling and braced by 1x4's, thereby creating an imminently dangerous situation. That the defendant corporation carelessly and negligently built the scaffold for the support of said kerosene tank out of timbers which were insufficient to hold the weight of the tank when filled with kerosene and the weight of a man while filling said tank.

Subsequently, on or about 13 July, 1945, the plaintiff, an employee of an oil dealer, who had contracted with Miley Johnson to fill the tank with kerosene, climbed on said platform, which was seven or eight feet from the ground, and while engaged in filling the tank with kerosene, the platform gave way causing the plaintiff to fall and sustain certain injuries, which he alleges are serious and permanent.

The defendant demurred to the plaintiff's complaint, on the ground that it did not state a cause of action against the defendant, in that:

(a) It alleged that the defendant, under a contract made by it with Miley Johnson, erected the platform and installed the oil tank; and

(b) That the work was completed by the defendant and accepted by the owner prior to the date of the injury.

The court below sustained the demurrer and the plaintiff appeals, assigning error.

*Thos. W. Ruffin for plaintiff.*
*I. R. Williams for defendant.*

DENNY, J. It is the general rule that an independent contractor is not liable for injuries to third parties occurring after the contractor has completed the work and it has been accepted by the owner. *Willis v. White,* 150 N. C., 199, 63 S. E., 942; *Williams v. Charles Stores Co., Inc.,* 209 N. C., 591, 184 S. E., 496; 27 Amer. Jur., sec. 55, p. 534; *Ford v. Sturgis,* 56 App. D. C., 361, 14 F. (2d), 253, 52 A. L. R., 619; 45 C. J., sec. 320, p. 884, *et seq.*

In the last cited authority we find: "It is a well established general rule that, where the work of an independent contractor is completed, turned over to, and accepted by, the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though he was negligent in carrying out the contract, and, *a fortiori,* he is not liable where he performed the work in strict accordance with the terms of their contract or where the injury is not due to the condition in which he left the work. There are also well recognized exceptions to the general rule, one of which is that the contractor is liable where the work is a nuisance *per se,* and another of which is that he is liable where the work done and turned over by him is so negligently defective as to be imminently dangerous to third persons, provided, in the case of the latter exception, the contractor knows, or should know, of the dangerous situation created by him, and the owner or contractee does not know of the dangerous condition or defect and would not discover it by reasonable inspection."

The appellant, however, contends the present case comes within the exception to the general rule and cites as authority for his position, *Williams v. Charles Stores Co., Inc., supra.*

We think the present case is distinguishable from the *Williams case.* There the Gas Company, a co-defendant, furnished the department store with gas for lighting purposes, and usually repaired the gas fixtures belonging to its customers. It was in evidence that the Gas Company knew its customers in calling for service and repairs relied upon the knowledge, experience, and technical ability of its employees. The Gas

Company was requested to repair and clean a gas fixture in its co-defendant's store. Its employee worked on the fixture and a few days thereafter the heavy glass globe of the fixture fell and injured a customer in the store. The evidence tended to show that the glass bowl was not properly fastened and that the wire basket, usually kept in place over the glass globe to prevent an injury in case the globe broke or fell was not properly replaced by the employee of the Gas Company. A judgment against both defendants was affirmed by this Court.

In the instant case the work required under the contract between the defendant and the owner of the property, had been completed and accepted. It is not alleged there were any hidden defects in the scaffold, known to the contractor and not disclosed to the owner, or defects, if any, that could not have been discovered upon reasonable inspection.

Where work has been completed and accepted by the owner, and the defect in construction, if any, is not hidden but readily observable upon reasonable inspection, the contractor is not liable. *Coleman v. A. L. Guidone & Sons,* 192 App. Div., 120, 182 N. Y. S., 625; *Travis v. Rochester Bridge Co.,* 188 Ind., 79, 122 N. E., 1; *Ford v. Sturgis, supra; Salliotte v. King Bridge Co.,* 122 Fed., 381, 65 L. R. A., 620, 58 C. C. A., 466. Annotations of cases on the liability of independent contractors for injuries to third parties will be found in 41 A. L. R., beginning on page 8, and in 123 A. L. R., beginning on page 1197. Moreover, it is not alleged by the plaintiff that it was necessary or customary for an employee of the oil company to go on such platform or scaffold in order to fill the tank with kerosene.

The judgment of the court below is
Affirmed.