LARRY F. GREGORY AND WIFE, DOROTHY S. GREGORY, PLAINTIFFS v. ATRIUM DOOR AND WINDOW COMPANY, A TEXAS CORPORATION; W. R. JONES COMPANY, A NORTH CAROLINA CORPORATION; AND JAMES R. BURRIS, D/B/A JAMES R. BURRIS CONSTRUCTION COMPANY, DEFENDANTS

No. 9119DC468

(Filed 21 April 1992)

**Sales § 17.2 (NCI3d)— windows and doors—implied warranty of merchantability and fitness for a particular purpose**

The trial court erred by finding that defendant Atrium, the manufacturer, breached the implied warranty of merchantability and an implied warranty of fitness for a particular purpose as to windows and doors installed on a house on Figure Eight Island where there was no competent evidence of the privity required between defendant Atrium and the plaintiffs.

**Am Jur 2d, Sales § 720.**

APPEAL by defendant from judgment entered 21 December 1990 by *Judge Frank M. Montgomery* in ROWAN County District Court. Heard in the Court of Appeals 11 March 1992.

Plaintiffs contracted with defendant James R. Burris, d/b/a James R. Burris Construction Company, to build a residence on Figure Eight Island near Wilmington, North Carolina. Doors manufac-

GREGORY v. ATRIUM DOOR AND WINDOW CO.

[106 N.C. App. 142 (1992)]

tured by defendant Atrium Door and Window Company were purchased by plaintiffs from defendant W. R. Jones Company for installation in this residence.

Plaintiff Larry F. Gregory testified at trial that the doors did not function properly from the time of installation and that some of the doors were deteriorating. The express warranty introduced by defendant-manufacturer Atrium at trial covered only the glass in the doors, which was not the defect of which plaintiffs complained. Plaintiffs' answer to defendant Atrium's interrogatories stated that no employee of Atrium made representations as to the doors' suitability for use near the ocean, but that employees of defendant W. R. Jones Company did make such representations.

After finding defendant Atrium to be a merchant as defined by the Uniform Commercial Code, the trial court found that defendant Atrium gave plaintiffs an implied warranty of merchantability. The trial court concluded that plaintiffs were damaged when defendant Atrium breached both this warranty and an implied warranty of fitness for a particular purpose, although it made no finding of fact as to this second implied warranty. In its judgment the trial court awarded plaintiffs $8,105.70 in damages to be recovered jointly and severally from defendants Atrium and W. R. Jones Company. From this judgment defendant Atrium appeals.

*Woodson, Linn, Ford, Sayers, Lawther, Short, Parrott & Hudson, by S. Edward Parrott, for plaintiff appellees.*

*Thomas M. King for defendant appellant Atrium Door and Window Company.*

*No brief filed by defendants W. R. Jones Company or James R. Burris, d/b/a James R. Burris Construction Company.*

ARNOLD, Judge.

In its first two arguments defendant Atrium Door and Window Company contends that the trial court committed reversible error in finding that it gave plaintiffs implied warranties of merchantability and fitness for a particular purpose for the doors. Defendant attacks these findings as being unsupported by competent evidence. "Where a trial court sitting without a jury makes findings of fact, the sufficiency of those facts to support the judgment may be raised on appeal. The standard by which we review the findings is whether any competent evidence exists in the record to support

GREGORY v. ATRIUM DOOR AND WINDOW CO.

[106 N.C. App. 142 (1992)]

them." *Hollerbach v. Hollerbach*, 90 N.C. App. 384, 387, 368 S.E.2d 413, 415 (1988) (citations omitted).

The trial court found that "Defendant[ ] . . . Atrium, in selling the windows and doors to the Plaintiffs for use in their residence, gave an implied warranty of merchantability concerning the windows and doors, and said implied warranty of merchantability was not excluded or modified by any actions of the parties." An implied warranty of merchantability (N.C. Gen. Stat. § 25-2-314 (1986) ) and an implied warranty of fitness for a particular purpose (G.S. § 25-2-315) are based upon contractual theory. *Richard W. Cooper Agency v. Irwin Yacht and Marine Corp.*, 46 N.C. App. 248, 251, 264 S.E.2d 768, 770 (1980). Plaintiffs were in privity of contract with defendant-retailer W. R. Jones Company, from whom they had purchased the doors, but were not in privity of contract with defendant-manufacturer Atrium Door and Window Company.

"[O]utside the exceptions created by G.S. Chapter 99B [products liability], the general rule is that privity is required to assert a claim for breach of an implied warranty involving only economic loss. *See Holland v. Edgerton*, 85 N.C. App. 567, 355 S.E.2d 514 (1987)." *Sharrard, McGee & Co., P.A. v. Suz's Software, Inc.*, 100 N.C. App. 428, 432, 396 S.E.2d 815, 817-18 (1990). The trial court's findings reflect that only economic loss resulted from the alleged breach in the form of malfunctioning and deteriorating doors, along with some water damage to flooring. There is no competent evidence in the record of the privity between defendant Atrium and the plaintiffs required to support the trial court's findings and conclusion as to the alleged breach of these implied warranties. The judgment of the trial court is reversed.

While we are constrained by existing case law to reach this result, perhaps consideration should be given to whether the privity requirement for implied warranties is still good policy. Allowing consumers to bring direct actions against the manufacturer "avoids the chain of litigation which may otherwise be necessary to pursue liability up the chain of distribution." 16 A.L.R.3d 683, 690 § 2 (1967).

Reversed.

Judges LEWIS and WYNN concur.