WATSON INSURANCE AGENCY, INC. v. PRICE MECHANICAL, INC.

[106 N.C. App. 629 (1992)]

WATSON INSURANCE AGENCY, INC., PLAINTIFF v. PRICE MECHANICAL, INC., DEFENDANT AND THIRD PARTY PLAINTIFF v. THE AETNA CASUALTY AND SURETY COMPANY, THIRD PARTY DEFENDANT

No. 9127SC360

(Filed 7 July 1992)

1. **Insurance § 2 (NCI3d) — policies procured — premiums paid by agent — action against insured — summary judgment**

    The trial court erred by granting summary judgment for plaintiff in an action by plaintiff insurance agent to recover premiums paid by it on behalf of defendant Price where there was a genuine issue of material fact as to whether the contract was terminated at some time prior to the cancellation of the policies and whether the damages sought by plaintiff occurred before such notice of termination.

    **Am Jur 2d, Insurance § 2051.**

2. **Insurance § 2 (NCI3d) — negligent failure to process claims properly — summary judgment for agent — no error**

    The trial court did not err in an action between an insurance agent and an insured by granting summary judgment for the agent on defendant insured's counterclaim for negligent failure to process insurance claims properly where the court considered affidavits, pleadings, discovery, arguments of counsel and memoranda, so that the 12(b)(6) motion was converted to a motion for summary judgment, and there was no genuine issue of material fact.

    **Am Jur 2d, Insurance § 2051.**

    Judge COZORT concurring in part and dissenting in part.

APPEAL by defendant and third party plaintiff from orders entered 14 and 22 January 1991 by *Judge Robert E. Gaines* and order entered 7 November 1990 by *Judge Robert W. Kirby* in GASTON County Superior Court. Heard in the Court of Appeals 11 February 1992.

Watson Insurance Agency, Inc. ("Watson") brought this action 13 July 1990 seeking recovery of $12,607.02 owed by Price Mechanical, Inc. ("Price"). Price filed a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure

WATSON INSURANCE AGENCY, INC. v. PRICE MECHANICAL, INC.

[106 N.C. App. 629 (1992)]

to state a claim upon which relief can be granted; pursuant to Rule 12(b)(7), for failure to join a necessary party; pursuant to Rule 17, for failure to prosecute in the name of the real party in interest, and in the alternative, for summary judgment pursuant to Rule 56. Watson filed an amended complaint 30 October 1990. On 7 November 1990, the trial court found and concluded that Watson had stated a claim upon which relief cóuld be granted, that there was sufficient evidence from which the jury could rule for Watson and that summary judgment should be denied, and that Watson was the "proper party to bring the suit as it was suing for its own benefit and not as agent. . . ."

On 28 November 1990, Price filed an answer, counterclaim, and third party complaint against Aetna Casualty and Surety Company ("Aetna") denying liability to plaintiff for the payment of premiums, raising the affirmative defense of failure of consideration and counterclaims, and setting forth various claims against the third party defendant for failure to pay claims.

On 6 December 1990, Watson filed a motion to dismiss Price's counterclaims pursuant to Rule 12(b)(6) and a motion for summary judgment. On 27 December 1990, Aetna filed motions to dismiss pursuant to Rules 12(b)(6) and 14 and for sanctions pursuant to Rule 11. Price filed motions to continue and for sanctions pursuant to Rule 11 against Aetna.

On 14 January 1991, the trial court denied Price's motion to continue and for sanctions, dismissed the third party complaint on the grounds that it failed to state a claim upon which relief could be granted, struck the outstanding discovery notices, and entered summary judgment in favor of Watson.

From these orders, Price appeals.

*R. Locke Bell for plaintiff-appellee.*

*Malcolm B. McSpadden for defendant/third party plaintiff-appellant.*

*Underwood, Kinsey, Warren & Tucker, P..A., by C. Ralph Kinsey, Jr. and Frank W. Snepp, for third party defendant-appellee.*

ORR, Judge.

The issue on appeal is whether the trial court erred in granting summary judgment in favor of Watson. For the reasons below,

we reverse in part and affirm in part the judgment of the trial court.

[1] Price first contends that the trial court erred in failing to grant its motion to dismiss pursuant to N.C. Gen. Stat. § 1A-1, Rule 12(b)(6) (1990), and in the alternative, by failing to grant summary judgment in its favor. "Where matters outside the pleadings are presented to and not excluded by the court on a motion to dismiss for failure to state a claim, the motion shall be treated as one for summary judgment under Rule 56." *DeArmon v. B. Mears Corp.*, 312 N.C. 749, 758, 325 S.E.2d 223, 229 (1985). The denial of a motion for summary judgment is an non-appealable interlocutory order. *Id.* at 788, 325 S.E.2d at 230.

However, Price also contends that the trial court erred in granting summary judgment for Watson when "numerous triable issues of fact were raised by the defendant and while requests for discovery were outstanding and made within a reasonable time of the filing of the answer." "Review of summary judgment on appeal is limited to whether the trial court's conclusions are correct as to the questions of whether there is a genuine issue of material fact and whether the movant is entitled to judgment." *Vernon v. Barrow*, 95 N.C. App. 642, 643, 383 S.E.2d 441, 442 (1989). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990); *Gregory v. Perdue, Inc.*, 47 N.C. App. 655, 267 S.E.2d 584 (1980). "[T]he trial court must determine if there is a triable material issue of fact, viewing all evidence presented in the light most favorable to the nonmoving party." *Waddle v. Sparks*, 100 N.C. App. 129, 131, 394 S.E.2d 683, 685 (1990), *aff'd in part and rev'd in part on other grounds*, 331 N.C. 73, 414 S.E.2d 22 (1992). The party moving for summary judgment has the burden of showing that there is no genuine issue as to any material fact. *Walker v. Durham Life Ins. Co.*, 90 N.C. App. 191, 368 S.E.2d 43 (1988). "Once the movant shows that no genuine issues of fact exist, the burden shifts to the nonmovant to set forth specific facts showing that genuine issues of fact remain for trial." *Id.* at 193, 368 S.E.2d at 45.

In its brief Price argues that "this is a claim that the Plaintiff is subrogated to the rights of the insurance companies for amounts

it has paid on behalf of the Defendant" and that there are genuine issues of material fact surrounding this subrogation claim. However, this contention is not supported by the record.

In 1987 Price requested that Watson obtain business and personal insurance. Watson arranged for insurance through Aetna. In 1988 Price became dissatisfied with Aetna because of disputes involving claims and informed Watson of its dissatisfaction. Thereafter, Price's accounts became delinquent, but Watson continued the policies. In its amended complaint, Watson alleged that Price requested that Watson procure insurance coverage and renewals for Price which Watson procured, that Watson forwarded insurance premiums to insurance companies, that Watson was obligated to forward the premiums whether or not it had received the premiums from Price, and that Price is indebted to Watson for sums paid by Watson for insurance for the benefit of Price. According to the deposition of Thomas Watson, president of Watson, Price never suggested that the policies be canceled.

In its answer, Price alleged that it engaged Watson to obtain insurance but did not agree "to provide renumeration itself to Watson for insurance coverage." Price further alleged that in the summer of 1989 it moved its personal insurance from Watson and Aetna and discussed with Watson the outstanding claims pending with Aetna. Price also alleged that following 15 August 1989 it did not authorize Watson to provide coverage with Aetna, and that there was never any agreement obligating Price to pay premiums to Watson or for Watson to obligate itself on behalf of Price. Keith Price, president of Price, stated in his affidavit that Price never entered any contract or agreement rendering it liable to Watson for any payments and that it never agreed to pay premiums to Watson.

Although the above evidence shows that Price entered into an agreement with Watson whereby Watson would procure insurance coverage for Price, there is a genuine issue of material fact as to whether the contract was terminated at some time prior to the cancellation of the policies and whether the damages sought by Watson occurred before such notice of termination. "[A] contract of indefinite duration may be terminated by either party on giving reasonable notice." *East Coast Development Corp. v. Alderman-250 Corp.*, 30 N.C. App. 598, 603, 228 S.E.2d 72, 77 (1976). The record before us is not clear as to exactly when payments by Watson

WATSON INSURANCE AGENCY, INC. v. PRICE MECHANICAL, INC.

[106 N.C. App. 629 (1992)]

were made or when Price said to terminate coverage. There thus appears to be a genuine issue of material fact. Price alleged and Watson apparently denied that as of 15 August 1989 Watson was not authorized to provide insurance for Price with Aetna. Thus the trial court erred in granting summary judgment.

[2] Price also argues that the trial court erred in dismissing its counterclaims against Watson. Price alleged that Watson undertook to process certain claims submitted by Price but negligently failed to process the claims properly. A motion to dismiss pursuant to Rule 12(b)(6) is "converted to a Rule 56 motion for summary judgment when matters outside the pleadings are presented to and not excluded by the court." *Stanback v. Stanback*, 297 N.C. 181, 205, 254 S.E.2d 611, 627 (1979); N.C. Gen. Stat. § 1A-1, Rule 12(b). In ruling on the motion, the trial court considered affidavits, the pleadings, discovery, arguments of counsel, and memoranda. Thus, even though the counterclaim states a claim upon which relief may be granted, the motion is converted to a motion for summary judgment. Summary judgment is properly granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c). Here there is no genuine issue of material fact, and therefore the trial court did not err in granting summary judgment in favor of Watson.

We have reviewed Price's remaining assignments of error and determined that they are without merit.

Reversed in part and affirmed in part.

Judge EAGLES concurs.

Judge COZORT concurs in part and dissents in part.

Judge COZORT dissenting.

I concur with that portion of the majority opinion that finds the trial court erred in granting summary judgment in favor of plaintiff Watson on its claim against defendant Price. I do not agree with the majority's conclusion that plaintiff Watson was entitled to summary judgment as to defendant Price's counterclaim

against Watson, and I dissent from that portion of the majority's opinion.

In its counterclaim defendant Price alleged:

41. That Watson undertook to process the claims made by Price in all of the above-described claims and, Price, is informed and believes and therefore alleges that, in the alternative to the foregoing, that Watson did on numerous occasions negligently fail to properly process the claims submitted by Price and, in the event, Aetna is found to have properly denied claims by Price as a result of the failure of Watson to properly process said claims and to that extent Price is entitled to recovery from Watson for its damages aforesaid[.]

Plaintiff Watson did not file an answer to defendant Price's counterclaim. Instead, plaintiff filed only a motion to dismiss the counterclaim, alleging that the counterclaim failed to state a claim upon which relief can be granted. In its judgment granting summary judgment for Watson, the trial court stated that it had considered affidavits, pleadings and all discovery conducted. In our review of those documents, I find nothing which would indicate that plaintiff Watson denied the allegation made in defendant Price's counterclaim. In her deposition, Carolyn Greene, the branch manager of Watson Insurance, testified that it was the practice of defendant Watson to take the claims for their insureds, such as Price, and submit them to the company. She further testified that it was the duty of Watson Insurance to "protect and try to advance our insureds and help them out all we can."

In his deposition, Thomas C. Watson, apparently the owner of the plaintiff insurance agency, made reference to a disputed claim filed by Price with Aetna. And, while Watson avers that he tried to assist Price in that claim filed with Aetna, he never denies the specific allegations made by Price in his verified counterclaim.

Thus, if any party is entitled to summary judgment on Price's counterclaim, it would be defendant Price because plaintiff Watson has never denied the allegations made by Price and has never presented any evidence contrary to the verified allegations made by defendant Price in the counterclaim. I find that the correct ruling for the trial court would be to find that the Price counterclaim does state a claim for relief and that plaintiff Watson's motion

under Rule 12(b)(6) should be denied. It was simply too early for the trial court to try to convert that motion to a motion for summary judgment. I vote to reverse summary judgment for Watson on defendant Price's counterclaim and to remand the counterclaim to the trial court for further proceedings.