MARIE A. THRIFT v. FOOD LION, INC., AND TRIANGLE ICE CO., INC.

No. 9221SC640

(Filed 7 September 1993)

1. **Appeal and Error § 118 (NCI4th) — slip and fall — claims against store and ice supplier — summary judgment denied — appealability**

   Defendant Food Lion's appeal from the denial of summary judgment was dismissed where plaintiff slipped and fell in a Food Lion; plaintiff filed a complaint against Food Lion and Triangle Ice; Food Lion filed a motion for summary judgment; and Food Lion's motion was denied. The denial of a motion for summary judgment is interlocutory, does not affect a substantial right, and is non-appealable.

   **Am Jur 2d, Appeal and Error § 104.**

   **Reviewability of order denying motion for summary judgment. 15 ALR3d 899.**

2. **Appeal and Error § 119 (NCI4th) — slip and fall — claims against store and ice supplier — summary judgment for supplier granted — appealability**

   An appeal by plaintiff and defendant Food Lion from the granting of summary judgment for defendant Triangle Ice was considered on its merits where plaintiff slipped and fell in the area of a Food Lion where the ice bin was located; Food Lion had received an ice delivery from Triangle Ice Co. and a Food Lion employee had noticed a puddle on the floor; plaintiff filed a complaint against Food Lion and Triangle Ice alleging joint and concurrent negligent acts and omissions; Food Lion cross-claimed against Triangle Ice; both Food Lion and Triangle Ice filed motions for summary judgment; and Food Lion's motion was denied while Triangle Ice's motion was granted. Although an appeal from a grant of partial summary judgment is interlocutory, the facts and circumstances of the present case are such that one jury should determine the outcome of all claims relating to plaintiff's fall. Dismissing the appeal against Triangle could result in two trials on the same factual issues and would consequently deprive plaintiff and Food Lion of a substantial right.

THRIFT v. FOOD LION

[111 N.C. App. 758 (1993)]

Am Jur 2d, Appeal and Error § 104.

**Reviewability of order denying motion for summary judgment. 15 ALR3d 899.**

3. **Labor and Employment § 187 (NCI4th) — negligence — delivery of ice to grocery store — independent contractor — delivery completed — summary judgment**

The trial court properly granted summary judgment for Triangle Ice where plaintiff slipped and fell in the area of a Food Lion where the ice bin was located, Food Lion had received an ice delivery from Triangle Ice Co., a Food Lion employee had supervised the delivery and noticed a puddle on the floor after the Triangle Ice employee left the store, a stock boy was sent to get a cloth and dry the floor, and plaintiff entered the area and fell. There is little question that Triangle Ice is an independent contractor, but all of the evidence suggests that the contract to deliver the ice had been completed and was acceptable to Food Lion. Once an independent contractor has completed his work and it is accepted by the party with whom he has contracted, the liability of the independent contractor ceases and the other party becomes answerable for damages which may accrue due to the independent contractor's initial negligence.

Am Jur 2d, Appeal and Error § 104.

**Reviewability of order denying motion for summary judgment. 15 ALR3d 899.**

Judge GREENE dissenting.

Appeal by plaintiff Marie Thrift and defendant Food Lion, Inc. from Order entered 13 March 1992 by Judge Peter M. McHugh in Forsyth County Superior Court. Heard in the Court of Appeals 13 May 1993.

*Metcalf, Vrsecky & Beal, by Anthony J. Vrsecky, for plaintiff-appellant.*

*Womble, Carlyle, Sandridge, and Rice, by Allan R. Gitter and Lawrence Pierce Egerton, for defendant-appellant Food Lion, Inc.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Paul D. Coates and ToNola D. Brown, for defendant-appellee Triangle Ice Co., Inc.*

WYNN, Judge.

On Saturday 18 June 1988 at approximately 2:00 or 2:30 p.m., the plaintiff, Marie Thrift, entered a Food Lion grocery store [hereinafter Food Lion] on Waughtown Street in Winston-Salem, North Carolina to shop for groceries. Prior to Ms. Thrift's entering the store, Food Lion had received an ice delivery from Triangle Ice Co., Inc. [hereinafter Triangle Ice]. A Food Lion employee, Sue Payne, had supervised the delivery, counting off bags of ice as a Triangle Ice employee loaded them into the ice bin, which was located against an interior wall a few feet away from the front entrance of the store. After the Triangle Ice employee left the store, Ms. Payne noticed a small puddle on the floor and sent a stock boy to get a cloth and dry the floor, during which time Ms. Thrift walked into the area where the ice bin was located to get a shopping cart and fell to the floor, sustaining injuries.

On 7 June 1991, Ms. Thrift filed a complaint against Food Lion and against Triangle Ice alleging that their joint and concurrent negligent acts and omissions proximately caused her to slip, fall, and sustain injuries. Both Food Lion and Triangle Ice answered, and Food Lion cross-claimed against Triangle Ice for contribution. Subsequently, Food Lion filed a motion for summary judgment on 2 January 1992, and Triangle Ice filed a motion for summary judgment on 5 February 1992. Both motions were heard on 24 February 1992 and the trial court entered two separate orders: one on 13 March 1992 granting Triangle Ice's motion; and a second on 30 March 1992 denying Food Lion's motion.

Ms. Thrift and Food Lion appeal from the trial court's granting summary judgment in favor of Triangle Ice, and Food Lion also appeals from the trial court's denying its motion for summary judgment.

[1] Summary judgment is proper where, based upon the pleadings, discovery documents, and affidavits, there is no genuine issue of material fact and one party is, therefore, entitled to judgment as a matter of law. N.C. Gen. Stat. § 1A-1, Rule 56; *McMurry v. Cochrane Furniture Co.*, 109 N.C. App. 52, 53, 425 S.E.2d 735, 736 (1993). As a general rule, the denial of a motion for summary judgment is interlocutory, does not affect a substantial right, and is, therefore, non-appealable. *Watson Ins. Agency, Inc. v. Price Mechanical Inc.*, 106 N.C. App. 629, 631, 417 S.E.2d 811, 812 (1992); *Herndon v. Barrett*, 101 N.C. App. 636, 639, 400 S.E.2d 767, 769

(1991); *Lamb v. Wedgewood Corp.*, 308 N.C. 419, 424, 302 S.E.2d 868, 871 (1983). We, therefore, hold that Food Lion's appeal must be dismissed.

[2] An appeal from a grant of partial summary judgment is also interlocutory because it does not resolve all of the claims between all of the parties. *See* N.C. Gen. Stat. § 1A-1, Rule 54(b). Such partial summary judgment orders are appealable only if the trial court has specifically determined in its order that "there is no just reason for delay" or if a substantial right is affected by the order. *Id.; see also* N.C. Gen. Stat. §§ 1-277, 7A-7. Where summary judgment has been entered as to some but not all of the claims, a substantial right is affected "*if* there are overlapping factual issues between the claim determined and any claims which have not yet been determined." *Davidson v. Knauff Ins. Agency, Inc.*, 93 N.C. App. 20, 26, 376 S.E.2d 488, 492 (1989), *disc. rev. denied*, 324 N.C. 577, 381 S.E.2d 722 (1989). This is because one has a substantial right to avoid the possibility of two trials on the same factual issues, due to the inconsistent resolutions which might result. *Id.* at 25, 376 S.E.2d at 491. Moreover, where the plaintiff has alleged joint and concurrent liability of more than one defendant, he normally has a substantial right to have "one jury decide whether the conduct of one, some, all, or none of the defendants causes his injuries . . . ." *Bernick v. Jurden*, 306 N.C. 435, 439, 293 S.E.2d 405, 409 (1982).

The facts and circumstances of the present case are such that one jury should determine the outcome of all claims relating to Ms. Thrift's fall. Ms. Thrift has alleged in her complaint that it was the joint and concurrent negligence of Food Lion and Triangle Ice that proximately caused her injuries. The resolutions of her legal claims against each defendant are dependent upon the same set of facts surrounding Ms. Thrift's fall. For example, it is disputed whether the water and ice were the cause of the fall. Two different juries, one hearing Ms. Thrift's claim against Food Lion and one her claim against Triangle Ice, could therefore reach different conclusions regarding the cause of her fall. Additionally, both Food Lion and Triangle Ice have pled contributory negligence on the part of Ms. Thrift as an affirmative defense, presenting another issue that might be decided inconsistently by separate juries. We conclude, therefore, that the facts involved in the claims against Food Lion and against Thrift are so intertwined as to necessitate one trial. Dismissing the appeal against Triangle could result in

two trials on the same factual issues and would consequently deprive Ms. Thrift and Food Lion of a substantial right.

[3] Having decided that the appeal against Triangle Ice should be considered on its merits, we address the contention of both Ms. Thrift and Food Lion that the trial court erred in granting Triangle Ice's motion for summary judgment. Ms. Thrift argues simply that a negligence action should not be the subject of a summary judgment motion, while Food Lion focuses on Triangle Ice's alleged independent contractor status and argues that that status should not shield it from liability.

An independent contractor is, essentially, one who exercises an independent employment and contracts to do certain work according to his own judgment and method, being subject to his employer only regarding the end result of his work. *Yelverton v. Lamm*, 94 N.C. App. 536, 538, 380 S.E.2d 621, 623 (1989); *see also Hayes v. Elon College*, 224 N.C. 11, 29 S.E.2d 137 (1944) (enumerating factors to be considered in determining independent contractor status, none of which are alone determinative). In the instant case, there is little question but that Triangle Ice is an independent contractor, operating as a business separate and apart from Food Lion. Triangle Ice, and not Food Lion, hires the employees charged with delivering the ice. Moreover, Food Lion has not established the method by which the ice must be delivered, but is concerned only with whether or not it is in fact delivered to the store in the amount requested.

Food Lion contends that, as an independent contractor, Triangle Ice is responsible to third parties for injuries they suffer as a result of Triangle Ice's negligently creating a dangerous condition in the course of its work. It is true that every person who embarks upon an active course of conduct has a positive duty to exercise ordinary care in order to protect others from harm, *Davidson and Jones, Inc. v. County of New Hanover*, 41 N.C. App. 661, 666, 255 S.E.2d 580, 584 (1979), *disc. rev. denied*, 298 N.C. 295, 259 S.E.2d 911 (1979) (citing *inter alia Council v. Dickerson's, Inc.*, 233 N.C. 472, 64 S.E.2d 551 (1951) ), and that one who performs a service contract has a duty "to protect third parties where a reasonable person would recognize that if he does not use ordinary care and skill in his own conduct, he will cause damages or injury to the person or property of the other." *Westover Products, Inc. v. Gateway Roofing Co.*, 94 N.C. App. 63, 67, 380 S.E.2d 369, 372 (1989). However,

in the case of an independent contractor, the time frame within which he can be held liable for his negligence is finite.

When an independent contractor has completed his work, and that work has been accepted by whomever has engaged his services, he is no longer liable for injuries to third parties even if he was negligent in carrying out his duties. *Price v. Johnston Cotton Co. of Wendell, Inc.*, 226 N.C. 758, 759, 40 S.E.2d 344, 345 (1946) (also enumerating exceptions to this rule where the independent contractor's work is so negligently defective as to be imminently dangerous to third persons, provided he knew or should have known of the dangerous situation created by him, and the party with whom he has contracted does not know of the dangerous condition and would not discover it by reasonable inspection). Therefore, while an independent contractor is engaged in performing that which he was hired to do, he owes a duty to third parties as does anyone undertaking an active course of conduct. Once he has completed his obligations and the work is accepted, however, *Price* applies and the "completed and accepted" rule shields him from liability for negligent performance.

In two affidavits submitted by Food Lion, Sue Payne, the Food Lion employee present during Triangle Ice's delivery, averred that "*After [the Triangle Ice employees] had left, I also noticed that they had left a wet area where they had been working,*" and "after the last of the 200 bags was counted, *the deliveryman proceeded to wheel the laundry cart away from the ice box and out the store.*" Ms. Thrift's deposition testimony, as well as that of Ms. Carol Inzar, also indicates that, at the time of Ms. Thrift's fall, the cart used to bring the ice into the store was gone, as was the ice truck from the parking lot. The evidence in the record is undisputed that the Triangle Ice employees had vacated the premises at the time of Ms. Thrift's fall. Ms. Payne had been counting the bags of ice as the Triangle Ice employees placed them in the ice bin, and her affidavit indicates that the two hundred bags ordered by Food Lion had been counted before the delivery people left the store. No Food Lion employee prevented the Triangle Ice employees from leaving, made any further requests from them, nor did anything to suggest that they had not completed what was expected of them. Moreover, the Food Lion employee made the necessary arrangements to have the wet floor dried. All of the evidence suggests that the contract to deliver the ice had been completed and was acceptable to Food Lion. *See* 41 Am.

Jur. 2d *Independent Contractors* § 49 (1968) (acceptance required to relieve the contractor of liability for injuries to third persons is a practical acceptance after the completion of the work, a formal acceptance not being required).

Food Lion contends that this Court should deem the "completed and accepted" rule articulated in *Price* as antiquated and no longer good law because it is based on the now disfavored concept of privity of contract. We note that privity of contract is not disfavored in all areas of North Carolina law. *See, e.g., Gregory v. Atrium Door & Window Co.*, 106 N.C. App. 142, 144, 415 S.E.2d 574, 575 (1992) (recognizing that, outside the exceptions enumerated in chapter 99B of the General Statutes, the general rule is that privity of contract is required to assert a claim for breach of an implied warranty of merchantability); *Crews v. W.A. Brown & Son, Inc.*, 106 N.C. App. 324, 331, 416 S.E.2d 924, 929 (1992) (recognizing that the legislative intent in enacting N.C. Gen. Stat. § 25-2-318 was to eliminate the doctrine of privity as to the buyer's family, household, and guests, but not to abolish the doctrine as it relates to strangers to the contract). Moreover, that does not appear to be the sole basis for the completed and accepted rule. Rather, there are various reasons recognized for the rule, such as a public policy rationale concerned with avoiding endless litigation and an excessive burden on contractors as well as an awareness that, once the job is completed and accepted, control has passed from the independent contractor to the owner of the premises where the work was done. 41 Am. Jur. 2d *Independent Contractors* § 49 (1968).

We acknowledge that some jurisdictions have abandoned the "completed and accepted" rule and instead impose the same liability on independent contractors that is imposed on manufacturers for injuries to ultimate consumers resulting from defective products. In those jurisdictions, a contractor is held to a standard of reasonable care for the protection of third parties who may foreseeably be endangered by his negligence, even after acceptance of the work by the contractee. We conclude, however, that the completed and accepted rule under *Price*, which has not been reversed either explicitly or implicitly by our Supreme Court, remains the law in North Carolina. Therefore, once an independent contractor has completed his work and it is accepted by the party with whom he has contracted, the liability of the independent contractor ceases, and the other party becomes answerable for damages which may

THRIFT v. FOOD LION

[111 N.C. App. 758 (1993)]

accrue due to the independent contractor's initial negligence. *Price*, 226 N.C. at 760, 40 S.E.2d at 345.

The dissenting opinion observes that in North Carolina, the "completed and accepted" rule has been applied only in construction or repair cases. We find, however, that such an application is indicative of the broad scope of the rule. To apply the rule here, in a delivery case, does not increase the scope of the rule but merely employs it in a scenario that is logically included within the broad application articulated by *Price*. One who delivers goods or materials and then leaves the delivery site should be afforded at least the same protection as a contractor who actively participates in the production of a structure or the repair of a building or fixture. While we believe the *Price* rule should be reexamined in light of the developing law of latent defects and products liability, this Court does not have the authority to do so. We are bound, therefore, by the "completed and accepted" rule and apply it accordingly to the facts of the case at bar.

Because we have found that the rule articulated in *Price* controls in the present case, and because we have concluded that Triangle Ice had completed its delivery and that the delivery was accepted by Food Lion at the time of Ms. Thrift's fall, the trial court's grant of summary judgment in favor of Triangle Ice is

Affirmed.

Judge JOHNSON concurs.

Judge GREENE dissents in a separate opinion.

Judge GREENE dissenting.

I agree with the majority for the reasons given that Food Lion's appeal must be dismissed. I disagree, however, with the broad assertion that all independent contractors are absolved from liability once their work is "completed and accepted" and that the summary judgment for Triangle Ice must therefore be affirmed.

The North Carolina courts have applied the "completed and accepted" rule only in the context of contracts for construction

or repair,[1] *see Price v. Johnston Cotton Co.*, 226 N.C. 758, 40 S.E.2d 344 (1946) (construction of scaffold); *Williams v. Charles Stores Co., Inc.*, 209 N.C. 591, 184 S.E. 496 (1936) (repair of gas lamp); *Willis v. J.G. White & Co.*, 150 N.C. 199, 63 S.E. 942 (1909) (construction of roadbed and railway track), and there is no justification for extending its application to the delivery of goods. The proper test of the liability of Triangle Ice requires application of general principles of negligence, that is, all persons are held to a standard of reasonable care for the protection of third parties who may foreseeably be endangered by a negligent act. Thus the issue presented in this case is whether Triangle Ice's negligence, if any, was the proximate cause of plaintiff's injuries. The question of proximate cause requires a determination of whether Food Lion's negligence, if any, is an intervening cause of plaintiff's injuries and therefore insulates Triangle Ice from any liability. *See Hairston v. Alexander Tank & Equip. Co.*, 310 N.C. 227, 233-38, 311 S.E.2d 559, 565-67 (1984). There are genuine issues of material fact on each of these issues and summary judgment for Triangle Ice was accordingly inappropriate. I would therefore reverse entry of summary judgment for Triangle Ice and remand.

---

1. Many courts have completely abandoned the "completed and accepted" rule, even in the context of construction contracts. *See, e.g., Kapalczynski v. Globe Constr. Co.*, 172 N.W.2d 852 (Mich. App. 1969); W. Page Keeton et al., *Prosser and Keeton on Torts* § 104A, at 723 (5th ed. 1984) ("It is now the almost universal rule that the contractor is liable to all those who may foreseeably be injured by the structure, not only when he fails to disclose conditions known by him, but also when the work is negligently done.").