669 So.2d 951 (1995)
Frank W. DENTON and Shirley W. Denton
v.
SAM BLOUNT, INC.
2940551.
Court of Civil Appeals of Alabama.
October 20, 1995.
*952 William W. Smith and Pamela D. Beard of Hogan, Smith & Alspaugh, P.C., Birmingham, for Appellants.
M. Keith Gann of Huie, Fernambucq & Stewart, Birmingham, for Appellee.
CRAWLEY, Judge.
In February 1994, Frank W. Denton and Shirley W. Denton filed a complaint against several corporations and fictitious defendants, seeking damages for breach of warranty and loss of consortium. The Dentons amended their complaint and named Sam Blount, Inc., as the sole defendant in the action. Blount filed a motion for summary judgment, alleging that the Dentons' actions are barred by the pertinent statute of limitations. The trial court entered a summary judgment for Blount, and the Dentons appealed. The Supreme Court transferred the appeal to this court pursuant to Ala.Code 1975, § 12-2-7(6).
A motion for summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), A.R.Civ.P. Moreover, our Supreme Court has held:
"In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present `substantial evidence' creating a genuine issue of material fact'evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'"
Capital Alliance Insurance Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala.1994) (citations omitted).
In March 1991, Mr. Denton was injured when he sat in a display patio chair in a Wal-Mart store in North Carolina. Blount had manufactured the patio chair. The Dentons filed their action in February 1994, and the trial court eventually entered the summary judgment for Blount on the grounds that the *953 Dentons' action was barred by Alabama's two-year statute of limitations applicable to tort actions.
The Dentons argue that their action is a breach of warranty action pursuant to N.C.G.S. § 25-2-318, a provision of the North Carolina version of the Uniform Commercial Code, and that section is subject to a four-year statute of limitations. N.C.G.S. § 25-2-725. Blount argues that the action is not a breach of warranty action, but that it is a products liability action pursuant to N.C.G.S. § 99B-1 et seq.
N.C.G.S. § 25-2-318 states:
"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this section."
North Carolina case law has consistently interpreted § 25-2-318 as not extending to persons who are not "in the family or household of [the] buyer", or "a guest in [the buyer's] home." Driver v. Burlington Aviation, Inc., 110 N.C.App. 519, 430 S.E.2d 476 (1993) (passenger on airplane and his wife not entitled to bring action pursuant to § 25-3-318 against manufacturer of airplane); Thrift v. Food Lion, Inc., 111 N.C.App. 758, 433 S.E.2d 481 (1993) (grocery store customer not entitled to bring action pursuant to § 25-2-318 against ice vendor); Crews v. W.A. Brown & Son, Inc., 106 N.C.App. 324, 416 S.E.2d 924 (1992) (church member not entitled to bring action pursuant to § 25-3-318 against manufacturer of freezer purchased by the church). Because of North Carolina's literal interpretation of § 25-2-318, we conclude that North Carolina law does not allow the Dentons to bring a breach of implied warranty action pursuant to § 25-2-318. Neither Mr. Denton nor Mrs. Denton, as customers of Wal-Mart, is a member of Wal-Mart's "household" or "family," or a guest in Wal-Mart's "home."
We agree with Blount that the Dentons' action is a products liability action. Because the Dentons were injured in North Carolina, this court will follow the lex loci delicti principle and apply the substantive law of North Carolina to this products liability action. Etheredge v. Genie Industries, Inc., 632 So.2d 1324 (Ala.1994). The Dentons argue that the applicable North Carolina statute of limitations is substantive and should apply to this action. Blount contends that the North Carolina statute of limitations is procedural and that the applicable Alabama statute of limitations should apply to this action.
When applying the law of another state pursuant to the lex loci delicti principle, this court "enforce[s] only those laws of the other state which are substantive in nature." Id. at 1326. This court will apply another state's statute of limitations "only when it is demonstrated that `the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself.'" Id. at 1327 (citation omitted). Our Supreme Court has previously ruled that N.C.G.S. § 1-50(6), which provides a six-year statute of limitations for products liability actions, is a procedural statute rather than a substantive statute, i.e., that § 1-50(6) is not "inextricably bound up" in North Carolina's substantive products liability law. Id. at 1327.
Alabama's two-year statute of limitations, Ala.Code 1975, § 6-2-38(l), applies to this products liability action. Id. at 1327. Because the Dentons filed their action more than two years after the date of Mr. Denton's injuries, their action is barred by § 6-2-38(l). Therefore, we affirm the grant of the summary judgment for Blount.
AFFIRMED.
THIGPEN and YATES, JJ., concur.
ROBERTSON, P.J., concurs in the result only.
MONROE, J., dissents.
MONROE, Judge, dissenting.
I believe that the statute of limitations that applies to the Dentons' action is four years from the date of injury. Therefore, because their action was filed within the applicable *954 statute of limitations, I believe summary judgment entered by the trial court is due to be reversed.
The Dentons' action was specifically brought under a theory of breach of implied warranties in the sale of goods. If the majority is correct in its determination that the North Carolina statute of limitations that would apply to this action is merely procedural, then this court must determine what the statute of limitations would be if this action were filed under Alabama substantive law.
Although the North Carolina statute under which this action was filed is labeled a products liability act, the Dentons' claim is actually a U.C.C.-type claim. Therefore, the correct statute of limitations to apply is the one applicable to actions for breach of implied warranty, not the one applicable to products liability actions. Under Alabama law, an action for personal injuries arising out of an alleged breach of implied warranty in the sale of goods is contractual in nature and the applicable statute of limitations is four years. See Simmons v. Clemco Industries, 368 So.2d 509 (Ala.1979).